IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LATISHA BOLDEN, as mother ) | |
| and next friend of T.B., a minor, *et al.*, ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 3:20-cv-390-ECM |
| ) | [WO] |
| NAUTILUS INSURANCE COMPANY, ) | |
| ) | |
|    Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

### I. INTRODUCTION

On September 29, 2021, this Court entered a Memorandum Opinion and Order granting Defendant Nautilus Insurance Company's ("Nautilus") motion to realign and sever or dismiss certain claims and parties and denying Plaintiff Latisha Bolden's ("Bolden") motion to remand. (Doc. 22). Now pending before the Court is Bolden's motion for leave to appeal and stay proceedings. (Doc. 24). Nautilus filed a response in opposition, (doc. 25), and the motion is ripe for review. For the reasons that follow, Bolden's motion is due to be DENIED.

### II. STANDARD OF REVIEW

Under 28 U.S.C. § 1292(b), a party may appeal a non-final order when the district court certifies in writing that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the

order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Most interlocutory orders do not meet this test." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008). Section 1292(b) appeals "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). Central to this inquiry is whether "there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed." *Id.*

### III.  BACKGROUND

In 2016, Bolden, on behalf of her minor son T.B., sued Arnetta Moore and Dawn-Smith Tucker, T.B.'s teachers, in Alabama state court. The complaint asserts six state law tort claims and alleges that T.B. was assaulted by Smith-Tucker at school on one occasion and by Moore at school on another occasion. On March 13, 2020, after Moore stopped participating in the lawsuit, the state court entered a default judgment against Moore and in favor of Bolden in the amount of $2 million. On May 5, 2020, Bolden filed a Second Amended Complaint purporting to add a garnishment claim pursuant to Alabama Code §§ 27-23-1, -2, against Nautilus and the Alabama Education Association ("AEA").

On June 10, 2020, Nautilus removed the action to this Court, asserting diversity jurisdiction. Nautilus acknowledged that Bolden and the AEA were both Alabama citizens, but it asserted that the Court should disregard the AEA's citizenship because the AEA was

fraudulently joined. Thereafter, Nautilus filed a motion to realign and sever or dismiss certain claims and parties, and Bolden filed a motion to remand.

On September 29, 2021, this Court entered a Memorandum Opinion and Order granting Nautilus's motion and denying Bolden's motion. (Doc. 22). The Court determined that there was no genuine factual dispute as to whether the AEA is an insurer, and that because the AEA is neither an insurer nor a judgment debtor, Nautilus had demonstrated that the AEA was fraudulently joined as a defendant to the garnishment claim. Accordingly, this Court has diversity jurisdiction over the garnishment claim. The Court dismissed the AEA as a party, remanded the non-garnishment state law claims to state court, and realigned Moore as a plaintiff.

## IV. DISCUSSION

Bolden requests leave to appeal the Court's order denying her motion to remand. She asserts that the controlling question of law is "whether the AEA, . . . as the 'Participating Unit' on the Certificate of Insurance issued by Nautilus, is a proper party defendant to the garnishment action," (doc. 24 at 2), because the AEA is "rightfully characterized as an insurer," (*id.* at 3). But "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *McFarlin*, 381 F.3d at 1259. Resolving the "controlling question of law" articulated by Bolden would require the court of appeals to examine a particular Certificate of Insurance, issued by a particular insurance company and on which a particular entity is listed as the "Participating Unit." Bolden has thus failed to "lift the [legal] question out of the details

3

of the evidence or facts of [this] particular case." *See id.*; *cf. Tucker v. Fearn*, 333 F.3d 1216, 1218 (11th Cir. 2003) (granting § 1292(b) review of whether a "nondependent parent[] may recover loss of society damages for the wrongful death of his minor child under general maritime law").  Accordingly, Bolden has failed to demonstrate that the Court's order "involves a controlling question of law." *See* 28 U.S.C. § 1292(b); *McFarlin*, 381 F.3d at 1259.

Even if Bolden had presented a controlling question of law, she still has not demonstrated entitlement to an interlocutory appeal because she has not shown "substantial ground for difference of opinion" on the question of law.  In her motion, Bolden argues that there is substantial ground for difference of opinion "[b]ecause the District Courts and Court of Appeals have not addressed this issue." (Doc. 24 at 3).  But "the fact that the question is one of first impression, standing alone, is insufficient." *Ga. State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 952 F. Supp. 2d 1260, 1262 (N.D. Ga. 2013) (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (per curiam)).[1]  Rather, the district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *In re Flor*, 79 F.3d at 284 (citation omitted).[2]  Under the plain language of Alabama's garnishment statute, a judgment creditor may sue only the defendant judgment

---

[1] While the Court recognizes that *Georgia State Conference* is not binding, the Court finds its analysis persuasive.

[2] While the Court recognizes that *In re Flor* is not binding, the Court finds its analysis persuasive.

debtor and the insurer.³  The statute plainly does not allow the judgment creditor to sue a "Participating Unit."  In both her motion for leave to appeal and her earlier motion to remand, Bolden points out that the AEA has a role in administering insurance proceeds, handling claims, and investigating claims.  But Bolden fails to explain how either (a) the AEA's status as a "Participating Unit," or (b) the AEA's role in administering proceeds or processing and handling insurance claims, transforms the AEA into an insurer or otherwise makes the AEA subject to suit under the garnishment statute.  In "analyz[ing] the strength of [Bolden's] arguments in opposition" to the Court's order denying her motion for remand, the Court concludes that there is no "*substantial* ground for dispute." *See In re Flor*, 79 F.3d at 284 (citation omitted).  Thus, Bolden has not demonstrated a "substantial ground for difference of opinion" on the question of law.

Because Bolden has not demonstrated that the Court's order "involves a controlling question of law as to which there is substantial ground for difference of opinion," *see* 28 U.S.C. § 1292(b), her motion for leave to appeal is due to be denied.

---

³ Alabama's garnishment statute states in relevant part:

> Upon the recovery of a final judgment against any person . . . for loss or damage on account of bodily injury . . . , if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the *judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.*

Ala. Code § 27-23-2 (emphasis added).

## V.  CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that Bolden's motion for leave to appeal and stay proceedings (doc. 24) is DENIED.

Done this 27th day of October, 2021.

                                           /s/Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE