IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LATISHA BOLDEN, as mother and next friend of T.B., a minor, *et al.*,   Plaintiffs,   v.   NAUTILUS INSURANCE COMPANY,   Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACT. NO. 3:20-cv-390-ECM<br>)                    [WO]<br>)<br>)<br>) |

**O R D E R**

Before the Court is Plaintiff Latisha Bolden's response in opposition to Defendant Nautilus Insurance Company's ("Nautilus") motion for summary judgment (doc. 37) and Bolden's supplemental response in opposition (doc. 38). Bolden's response in opposition (doc. 37) contains a "motion to continue" and affidavit pursuant to Federal Rule of Civil Procedure 56(d), in which Bolden asks the Court to defer ruling on Nautilus' motion for summary judgment so that she can obtain certain information through discovery. For the reasons explained below, Bolden's motion is due to be denied.

Bolden filed a lawsuit in state court and eventually obtained a default judgment against Arnetta Moore after Moore failed to participate and comply with court orders. Thereafter, Bolden amended her state court complaint to add a garnishment claim against Nautilus pursuant to Alabama Code §§ 27-23-1, -2. Nautilus filed a counterclaim seeking a declaratory judgment that it does not owe coverage to Moore for the judgment obtained by Bolden due to Moore's alleged failure to cooperate in the litigation, and also because

the claims against Moore are excluded from coverage under the applicable insurance policy. Nautilus then removed the action to this Court. On September 29, 2021, the Court entered a Memorandum Opinion and Order dismissing a party who had been fraudulently joined, remanding certain claims to state court, and realigning Arnetta Moore as a Plaintiff. (Doc. 22).

On October 28, 2021, the Court entered a Uniform Scheduling Order setting deadlines for completing discovery, filing dispositive motions, and other matters. (Doc. 28). The Scheduling Order provides that "[a]ll discovery shall be completed on or before **May 9, 2022**." (*Id.* at 2) (emphasis in original). The Scheduling Order also provides that "[d]ispositive motions, *e.g.*, motions for summary judgment, shall be filed no later than **June 8, 2022**." (*Id.*) (emphasis in original).

On May 11, 2022, Nautilus filed a motion for summary judgment on its counterclaim for declaratory judgment.[1] (Doc. 32). On May 27, 2022, Bolden filed her response in opposition, motion to continue, and affidavit pursuant to Rule 56(d).[2] (Doc. 37). On June 1, 2022, Bolden filed a supplemental response in opposition in which she attached a corrected affidavit pursuant to Rule 56(d). (Doc. 38).

In her motion to continue, Bolden requests that the Court defer ruling on Nautilus' motion for summary judgment so that she can obtain certain information through

---

[1] Nautilus also filed a motion for default judgment against Moore on Nautilus' counterclaim. (Doc. 34).

[2] Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion [or] allow time . . . to take discovery."

2

discovery, which she contends she needs in order to adequately oppose Nautilus' motion for summary judgment. Chip Crowell, one of Bolden's lawyers, avers in an affidavit that Bolden's counsel sent discovery requests to Nautilus on May 20, 2022—after the Scheduling Order deadline for completing discovery had expired. Additionally, Mr. Crowell avers that Bolden's counsel issued a subpoena to Mark Boardman of Boardman, Carr, Petelos, Watkins & Ogle, P.C., requesting "documents, notes, reports, investigations, letters, emails, or other correspondence between you and your firm and the Defendant Nautilus concerning or referencing Arnetta Moore" on May 24, 2022[3] (doc. 38-1 at 2–3, para. 7)—again, after the Scheduling Order deadline for completing discovery had expired. Mr. Crowell further avers that Bolden's counsel "intends to pursue discovery responses from Defendant Nautilus and the deposition of Arnetta Moore." (*Id.* at 3, para. 10). Moreover, Mr. Crowell states that Bolden's counsel "cannot appropriately oppose" Nautilus' motion for summary judgment "without the Nautilus discovery responses and the deposition of Arnetta Moore," noting that Moore "has personal knowledge of the facts surrounding her participation in the litigation." (*Id.* at 4, para. 13).

Bolden identifies no other discovery she wishes to obtain besides the discovery requests her counsel sent after the Scheduling Order deadline for completing discovery had expired—*i.e.*, the written discovery requests to Nautilus and the subpoena to Mr. Boardman. Accordingly, the Court construes Bolden's motion to continue as

---

[3] Mr. Boardman and the law firm filed a motion to quash this subpoena on June 7, 2022. (Doc. 39).

inherently containing a motion to amend the Scheduling Order to extend the discovery deadline.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

Bolden has not shown good cause to modify the Scheduling Order's deadline for completing discovery. In her filings, Bolden neither cited Rule 16 nor argued that she has shown good cause for extending the Scheduling Order's discovery deadline. Indeed, she fails to acknowledge that the discovery deadline has already passed. Bolden's counsel states that counsel recently served written discovery requests on Nautilus and issued a subpoena to a lawyer who previously represented Arnetta Moore, and that Bolden needs this discovery to adequately oppose Nautilus' motion for summary judgment. However, the Court fails to discern how these circumstances demonstrate that Bolden was unable, despite her diligence, to comply with the May 9, 2022 deadline for completing discovery. *See Sosa*, 133 F.3d at 1418. Bolden offers no explanation as to why she was unable to issue discovery requests prior to the May 9, 2022 deadline. Thus, the Court finds that Bolden has failed to demonstrate good cause to extend the discovery deadline. *See* Fed. R. Civ. P. 16(b)(4); *Sosa*, 133 F.3d at 1418. Consequently, Bolden has not demonstrated that the Court should defer considering Nautilus' motion for summary judgment or allow Bolden time to take discovery. *See* Fed. R. Civ. P. 56(d); *see also Barfield v. Brierton*, 883

4

F.3d 923, 932 (11th Cir. 1989) (finding that district court did not abuse its discretion in denying continuance under Rule 56 where the nonmovant had "ample time and opportunity for discovery" but "failed to diligently pursue his options").

For the reasons stated, and for good cause, Bolden's motion to continue (doc. 37) is DENIED.

Done this 15th day of June, 2022.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE