IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LATISHA BOLDEN, as mother and next friend of T.B., a minor, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACT. NO. 3:20-cv-390-ECM ) [WO] |
| NAUTILUS INSURANCE COMPANY, | ) ) |
| Defendant. | ) |

**ORDER AND FINAL JUDGMENT**

On July 11, 2022, the Court entered a Memorandum Opinion and Order granting Defendant Nautilus Insurance Company's ("Nautilus") motion for summary judgment and granting Nautilus' motion for default judgment against Plaintiff Arnetta Moore on Nautilus' counterclaim for declaratory judgment. (Doc. 48). Therein, the Court found that "Arnetta Moore is not entitled to coverage for the default judgment entered against her in state court under the insurance policy issued by Nautilus (Policy Number NEA_AL00001_P-4)." (*Id.* at 21). On July 21, 2022, the Court held a status conference regarding the impact of the Court's ruling (doc. 48) on Plaintiff Latisha Bolden's garnishment claim against Nautilus pursuant to Alabama Code §§ 27-23-1, -2. Thereafter, the Court directed the parties to jointly file a document outlining their respective positions regarding the appropriate disposition of the garnishment claim.

The parties filed a Joint Submission outlining their respective positions regarding the appropriate disposition of the garnishment claim on July 27, 2022. (Doc. 54). Although

Bolden does not concede that Nautilus was entitled to summary judgment on the issue of coverage, Bolden nonetheless "agrees that the garnishment claim is dependent upon the existence of coverage for Nautilus' insured Arnetta Moore." (*Id.* at 2). Bolden requests that the Court "enter a final order on both the issues of coverage and garnishment so that the disposal of her claims against Defendant Nautilus may be made final." (*Id.*). Nautilus contends that Bolden's "garnishment rights are dependent upon the rights of Arnetta Moore," and "[b]ecause the Court ruled there is no coverage for Arnetta Moore, and Plaintiff Bolden stands in Moore's shoes with regard to insurance coverage, summary judgment also is warranted on Bolden's garnishment claim against Nautilus." (*Id.* at 3).

"The law is clear that a judgment creditor's right under § 27-23-2 to proceed against the insurance company to satisfy a judgment obtained against the defendant/insured is dependent upon the rights of the insured against its insurer under the policy." *St. Paul Fire & Marine Ins. Co. v. Nowlin*, 542 So. 2d 1190, 1194 (Ala. 1988); *see also Barton v. Nationwide Mut. Fire Ins. Co.*, 524 F. Supp. 3d 1219, 1228 (N.D. Ala. 2021) ("[R]ecovery under Section 27-23-2 is circumscribed by the coverage limitations of the insured's insurance policy."). Thus, in a § 27-23-2 action, the injured party "effectively stands in the shoes of the insured tortfeasor[] . . . in making h[er] claim, and [s]he is entitled to recover from [the insurer] only to the extent of [the insured tortfeasor's] coverage for the claims asserted against them." *Admiral Ins. Co. v. Price-Williams*, 129 So. 3d 991, 997 (Ala. 2013). Based upon the applicable law and the parties' Joint Submission, the Court concludes that its finding that Nautilus owes no coverage to Arnetta Moore is determinative

of Bolden's garnishment claim against Nautilus, and that Bolden's garnishment claim against Nautilus is due to be dismissed. Accordingly, it is the

ORDER, JUDGMENT, and DECREE of this Court that Bolden's garnishment claim against Nautilus is DISMISSED with prejudice. It is further

ORDERED that costs are taxed as paid.

The Clerk of the Court is DIRECTED to enter this document on the civil docket as a Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Done this 1st day of August, 2022.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE